Welch, J.
The deposition is of no legal significance in the case. It only proves what stands admitted by the pleadings. The proceeding in such a case is not governed by the code, and the pleadings are to be made up as at common law. The case is therefore submitted to us as upon demurrer to the replication, and presents the simple question whether the matters averred in the replication are a sufficient avoidance of the title or right which the defendants set forth in their plea. In other words, the question is, does the fact of such secret intention, and the subsequent carrying of that intention into execution, render the proceeding of incorporation a nullity, so that the corporation, never obtained a legal existence. We answer the question in the negative. The secret intention of the parties is not by the law made an element in their organization. If their organization was in accordance with the statutory requirements, the lawfulness of their intention must be presumed. The company having organized in all respects in conformity with the laws of Ohio, with its office *283 and place of corporate business in the state, thereby became and was a legal corporation of Ohio, and remains such until dissolved by act of the legislature, by its own volition, or by a proceeding in quo warranto against the' corporation itself. This is no such proceeding, but a proceeding merely against its individual officers and members,, who are admittedly its lawful officers and members, if any such corporation exists. If the company has, by the abuse or nonuse of its franchises, rendered itself liable to a forfeiture of its charter, such forfeiture can properly be declared and enforced only in a proceeding to which the corporation is a party. If it is assuming to exercise franchises outside the scope of its charter, it can, by a like proceeding, be ousted from tbeir exercise. Whether the matters set up in replication are a sufficient ground for any such proceeding against the corporation, it would he improper that we should now decide.

Judgment for the defendants.

McIlvaine, C. J., White, Rex, and Gilmore, JJ., concurred.